**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BETH ANN SCHARRER and TRANS
HEALTH MANAGEMENT, INC.,

      Plaintiffs,

v.                                   Case No: 8:12-cv-1855-T-30MAP

FUNDAMENTAL ADMINISTRATIVE
SERVICES, LLC and CHRISTINE
ZACK,

      Defendants.

_____

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss with Prejudice on Behalf of Defendants Fundamental Administrative Services, LLC and Christine Zack (Dkt. #75) and Plaintiffs' Response in Opposition to the Motion (Dkt. #79). It is the Court's conclusion that the Motion should be denied.

### *Background*

Plaintiffs sued Defendants alleging that the Defendants engaged in the unauthorized practice of law.   On July 30, 2013, this Court entered an Order dismissing the Plaintiff's Amended Complaint without prejudice (Dkt. 73). In that Order, the Court noted that the Florida Supreme Court had not issued an order holding that the specific conduct at issue in this case constituted the unauthorized practice of law. Relying on *Goldberg v. Merrill Lynch Credit Corp.*, 35 So. 3d 905 (Fla. 2010), this Court dismissed the complaint without

prejudice to allow Plaintiffs sixty days to seek an advisory opinion from the Florida Supreme Court. If Plaintiffs failed to file the petition within sixty days, the dismissal would be with prejudice. On September 27, 2013, Plaintiff submitted their Petition for Formal Advisory Opinion Concerning the Unauthorized Practice of Law (the "Petition") (Dkt. #74) to the Florida Bar Standing Committee on the Unlicensed Practice of Law. Defendants now seek to have this case dismissed with prejudice.

### *Discussion*

Defendants argue that the Court's dismissal of Plaintiffs' complaint without prejudice bars Plaintiff from seeking an advisory opinion. They argue three bases to support this claim: (1) Plaintiffs did not voluntarily dismiss their claim, (2) a related lawsuit seeking damages for breach of fiduciary duty and malpractice precludes the UPL committee from pursuing the UPL petition, and (3) Plaintiffs allege facts in the petition that go beyond the facts in this case, and therefore an advisory opinion is futile.

Since the Court has already dismissed this action, the Court will construe Defendants' motion as either a motion for reconsideration under Federal Rule of Civil Procedure 59 or a motion for relief from judgment under Rule 60. *See Nisson v. Lundy*, 975 F.2d 802, 806 (11th Cir. 1992) (finding that a Rule 59(e) motion may be treated as a 60(b) motion "if grounds stated would be a basis for Rule 60(b) relief.").

Rule 59 mandates that a request for reconsideration must be filed within 28 days after entry of the judgment. Defendants filed this Motion four months after the Order, therefore, the request is untimely. *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126,

1129 (11th Cir. 1994). ("an untimely filed motion to alter or amend cannot invoke a trial court's jurisdiction.")

Under Rule 60 of the Federal Rules of Civil Procedure, a party may request relief from an order based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b).   "Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000), *cert. denied*, 531 U.S. 813,121 S.Ct. 46, 148 L.Ed.2d 16 (2000).

Defendants' arguments in their Motion do not establish a basis for relief under subsections (1)-(5) of Rule 60(b). Although they argue that Plaintiffs made improper legal arguments in their Petition, these arguments are not sufficient to rise to the level of fraud, misrepresentation or misconduct in this case to justify relief under subsection (3). To prevail on a Rule 60(b)(3) motion, the moving party is required to "prove by clear and convincing evidence that an adverse party has obtained the verdict through fraud, misrepresentation, or other misconduct." *Cox Nuclear Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007) (alteration and internal quotation marks omitted).

Further, the Defendants' arguments as to why the Court should enter a dismissal with prejudice do not present the type of extraordinary circumstances necessary for granting relief under the catch-all provision in Rule 60(b)(6). The Eleventh Circuit has held that "… Rule 60(b)(6) is reserved for instances of genuine injustice, and does not permit a party or a judge to circumvent the clear commands of Rules 6(b) and 59(e). Rule 6(b) forbids a court to enlarge the time within which a Rule 59(e) motion may be served…." *Hertz Corp.*, 16 F.3d at 1128. Therefore a court should not use Rule 60(b)(6) in such a way as to "undermine finality, … and defeat the ends of Rules 6(b) and 59(e*)." Id.*

Defendants' arguments appear to be more properly suited in opposition to Plaintiffs' Petition, not as a basis for relief from the Order. The Court purposefully dismissed the case without prejudice relying on *Goldberg* to specifically allow Plaintiffs to file the Petition. The dismissal would have been with prejudice had Plaintiffs decided not to pursue that course of action. Therefore, to argue that the Order itself prohibits Plaintiffs from pursuing the Petition is incongruous.

Plaintiffs also request that this Court change the Order from one that dismisses the case to one that stays the proceedings to eliminate confusion about the Court's intent.   The Court denies this request as an untimely request for reconsideration under Rule 59(e). Further, given that Plaintiffs' argument in their response that Plaintiffs have complied with Rule 10-9.1 of the Rules Regulating the Florida Bar and that the UPL Committee has accepted their Petition as compliant with the rules, Plaintiffs have not presented a basis to justify relief from the Order.

It is therefore ORDERED AND ADJUDGED that Defendants' Motion to Dismiss with Prejudice on Behalf of Defendants Fundamental Administrative Services, LLC and Christine Zack (Dkt. #75) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of January, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2012\12-cv-1855 mtd 75.docx